UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSICA LYNN WOFFORD, | Case No:  C 13-2467  SBA |
| Plaintiff, | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | |
| LANCE HAMILTON, et al., | Docket 3 |
| Defendants. | |

On June 3, 2013, Plaintiff Jessica Lynn Wofford ("Plaintiff"), proceeding pro se, commenced the instant action against various Defendants, including, among others, several law enforcement officers and a "retired" state court judge.  Compl., Dkt. 1.  The complaint alleges eight federal claims under 42 U.S.C. § 1983 as well as four state law claims arising out of Plaintiff's arrest on February 16, 2013 following a traffic stop.  Id.  Before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order ("ex parte motion for TRO") in which Plaintiff seeks to enjoin Defendants from proceeding with the state criminal action currently pending against her.  Dkt. 3.  No Defendant has been served with the complaint or the ex parte motion for TRO.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's ex parte motion for TRO, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue.  Fed.R.Civ.P.

65(b).  The same legal standard applies to an application for a TRO and a motion for a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  To obtain immediate injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Under the Ninth Circuit's "sliding scale" approach, the first and third elements of the Winter test are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-1135 (9th Cir. 2011).  Nevertheless, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Winter, 555 U.S. at 22, and the moving party bears the burden of meeting all four Winter prongs, see Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776-777 (9th Cir. 2011).  The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held.  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).

## II.   **DISCUSSION**

Plaintiff moves for an order restraining the Defendants from "continuing the bad faith prosecution against her in state court."  Pl.'s Mtn. at 2.  Plaintiff contends that a TRO is warranted because Defendants have "violated [her] rights consistently and intentionally without jurisdiction over a specific case in a California State Court . . . without a hope of a legitimate conviction against her."  Id.  Plaintiff maintains that "the state case must be enjoined to prevent [Defendants] from using the state court procedures as a vehicle to harass, intimidate, violate and subdue [her] so they can unlawfully take possession of the bond monies, which is a form of further punitive action taken against [her] exercising

constitutionally protected rights."  Id.  According to Plaintiff, she "has and continues to suffer irreparable injury specific to a bad faith prosecution, and denied access to the court, which, by design has deterred, suppressed, or otherwise made breach of certain of [her] constitutionally protected rights."  Id. at 3.

A TRO may be issued without notice to the adverse party or its counsel only if:

A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1); N.D. Cal. Civ. L.R. 65-1(b).  Although the restrictions imposed by Rule 65 are "stringent," they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  Granny Goose Foods, 415 U.S. at 438-439.

There are "very few circumstances justifying the issuance of an ex parte TRO."  Reno Air Racing Ass'n Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  Id.  Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence.  Id.

Here, Plaintiff has not submitted an affidavit or otherwise made any showing in accordance with Rule 65-1(b) that she will suffer immediate and irreparable harm before Defendants can be heard in opposition to the TRO request.  Plaintiff has also failed to certify in writing "any efforts made to give notice and the reasons why it should not be required."  There has been no showing by Plaintiff that notice should be excused due to her inability to identify or locate Defendants in time for a hearing, or that providing notice would render further prosecution of the action fruitless.  Plaintiff's failure to satisfy the

requirements for the issuance of an ex parte TRO, standing alone, warrant the denial of her ex parte motion for TRO.[1]

Moreover, even if Plaintiff had satisfied the requirements for the issuance of an ex parte TRO, the Court finds that Plaintiff has failed to establish that a TRO is warranted. Plaintiff's ex parte motion for a TRO does not cite any decisional authority or provide reasoned legal analysis demonstrating that she is likely to succeed on the merits of any of her claims or that there are serious questions going to the merits of any of her claims.[2]  In addition, while Plaintiff asserts that she will suffer irreparable harm if the TRO is not issued, she provides no further information as to the irreparable harm that she will suffer if the state court criminal proceedings continue.  Finally, Plaintiff has not shown that the balance of equities tips in her favor or that an injunction is in the public interest.  Plaintiff, without elaboration, simply asserts that "[t]he state court will not be harmed if the motion is granted and the public interest strongly favors [her] motion."  Pl.'s Mtn. at 9.  Accordingly, Plaintiff has failed to sustain her burden to make a clear showing that she is entitled to the extraordinary remedy of injunctive relief.  Therefore, Plaintiff's ex parte motion for TRO is DENIED.

**III.    CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's ex parte motion for TRO is DENIED.

2.    This Order terminates Docket 3.

---

[1] The fact that Plaintiff is proceeding pro se does not excuse her non-compliance with the procedural rules of this Court.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).

[2] Plaintiff argues that abstention under Younger v. Harris, 401 U.S. 37 (1971) is not appropriate.  Under Younger, absent extraordinary circumstances, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief.  See Younger, 401 U.S. at 43-54.  Because a determination of whether abstention under Younger is warranted is not necessary to resolve the instant motion, the Court will not reach this issue.

IT IS SO ORDERED.

Dated: 6/6/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JESSICA LYNN WOFFORD,

       Plaintiff,

  v.

LANCE HAMILTON et al,

       Defendant.
_____/

Case Number: CV13-02467 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jessica Lynn Wofford
C/O 3345 #14 Lakeshore Boulevard
Lakeport, CA 95453

Dated: June 6, 2013

                          Richard W. Wieking, Clerk

                               By: Lisa Clark, Deputy Clerk