1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8    JESSICA LYNN WOFFORD,                    Case No:  C 13-2467  SBA

9                    Plaintiff,               **DISMISSAL ORDER**

10        vs.

11   LANCE HAMILTON, et al.,

12                    Defendants.

13

14        On June 3, 2013, Plaintiff Jessica Lynn Wofford ("Plaintiff"), proceeding pro se,

15   commenced the instant action.  <u>See</u> Compl., Dkt. 1.  On July 30, 2013, Plaintiff filed a first

16   amended complaint ("FAC") against various Defendants[1] alleging federal and state law

17   claims arising out of her arrest on February 16, 2013 following a traffic stop.  <u>See</u> FAC,

18   Dkt. 11.  On August 21, 2013, Defendants Robert Crone, Krista LeVier, Victoria Adams

19   (erroneously sued as Victoria Addams), Michael Lunas, Andrew Blum, Stephen Hedstrom,

20   Arthur Mann and David Herrick filed a motion to dismiss the FAC.  Dkt. 16.  On that same

21   date, Defendants Lance Hamilton, Jason Finley, Daniel Flesch, and John Langan also filed

22   a motion to dismiss the FAC.  Dkt. 18.  On August 26, 2013, Defendants Joseph Eastham

23   (erroneously sued as Frederick Eastham) and Jason Ferguson filed a motion to dismiss the

24   FAC.  Dkt. 19.

25        Under Civil Local Rule 7-3, any opposition or statement of non-opposition to a

26   motion is due no later than two weeks after the motion was filed.  This Court's Standing

27

28   ───────────────

[1] The Defendants include, among others, several law enforcement officers and state court judges.

Orders specifically warn that the "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Civil Standing Orders at 4, Dkt. 2-1.  Following Plaintiff's failure to file a timely response to the motions to dismiss, the Court issued an Order directing Plaintiff to file a response to the motions by no later than October 7, 2013.  To date, Plaintiff has filed nothing in response to the motions.

An action may be dismissed under Rule 41(b) for failure to prosecute or to comply with a Court order.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court").  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Defendants' motions to dismiss, and by failing to respond to this Court's September 30, 2013 Order.

The second factor, the Court's need to manage its docket, also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261

1  (non-compliance with a court's order diverts "valuable time that [the court] could have

2  devoted to other major and serious criminal and civil cases on its docket").  The Court

3  cannot manage its docket if it maintains cases where, as here, a Plaintiff disregards Court

4  Orders and fails to prosecute her case.  The Court must devote its limited resources to cases

5  in which the litigants are actually proceeding.

6         The third factor, the risk of prejudice to the defendants, generally requires that "a

7  defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial

8  or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at

9  642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's

10 reason for defaulting."  Id.  Here, Plaintiff has offered no explanation for her failure to

11 respond to Defendants' motions to dismiss or the Court's September 30, 2013 Order.  These

12 facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991-992.

13        As for the fourth factor, the Court has already considered less drastic alternatives to

14 dismissal.  The Court issued an Order affording Plaintiff additional time to respond to the

15 motions to dismiss and expressly warned her that the failure to comply with the Court's

16 September 30, 2013 Order would be deemed sufficient grounds to dismiss this action.  "[A]

17 district court's warning to a party that failure to obey the court's order will result in

18 dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik,

19 963 F.2d at 1262.

20        The final factor, which favors disposition of cases on the merits, by definition,

21 weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of

22 cases on the merits. Thus, this factor weighs against dismissal.").

23        In sum, the Court concludes that four of the five relevant factors weigh strongly in

24 favor of dismissing this action in its entirety.  Pagtalunan, 291 F.3d at 643 (affirming

25 dismissal where three factors favored dismissal, while two factors weighed against

26 dismissal).  Accordingly,

27

28

1    IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT

2  PREJUDICE pursuant to Rule 41(b).  The Clerk shall close the file and terminate all

3  pending matters.

4    IT IS SO ORDERED.

5  Dated: 9/30/2013

6                                         SAUNDRA BROWN ARMSTRONG

                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28